**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: December 9 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30316 |
| | ) | |
| Stone Oak Investment, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER GRANTING MOTION TO DISMISS

This case came before the court for further hearing on the Motion to Dismiss filed by the United States Trustee. [Doc. # 39]. Debtor's principal Bonnie Ostrander, counsel for Debtor, and attorneys for Pigott Ltd., Farmer & Merchants State Bank, the Lucas County Treasurer, and the United States Trustee all appeared in person.

The district court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. The court may hear and determine all cases under Title 11. 28 U.S.C. § 157(b)(1).

As the United States Trustee's Motion to Dismiss is premised largely on Debtor's inability to propose a confirmable plan and the absence of a reasonable likelihood of its reorganization, the hearing on the Motion to Dismiss was held in conjunction with the evidentiary hearing on Debtor's motion for cramdown and for confirmation of its proposed Amended Chapter 11 Plan. Following that hearing, on

November 28, 2016, the court entered an order denying Debtor's motion and finding that Debtor has not met its burden of demonstrating that the requirements for confirmation are met. [Doc. # 127]. Specifically, Debtor did not show the court that its proposed plan is feasible.

Under 11 U.S.C. § 1112, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . ." 11 U.S.C. § 1112(b)(1). Although § 1112(b)(4) sets forth a specific list of circumstances that the term "cause" includes, the list is not limiting and may include additional circumstances warranting dismissal. *See* 11 U.S.C. § 102(3) (providing the rule of construction for the use of "includes" in Title 11). As one court explains, "[f]undamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides 'cause' for dismissal or conversion of a chapter 11 case on request of an interested party." *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 665 (Bankr. E.D. Pa.2009); *see In re SHAP, LLC*, 457 B.R. 625, 629 (Bankr. E.D. Mich.2011); *cf*. 11 U.S.C. § 1112(b)(4)(A).

Debtor's only assets consist of a parcel of vacant land, a nuisance/trespass claim against the owner of land adjacent thereto and a fraudulent transfer claim against the entity that Debtor relies upon primarily to fund its proposed plan and that is owned by Debtor's principal. The only creditors in this case are Farmers & Merchants State Bank ("the Bank"), which holds a mortgage against the real estate, the Lucas County Treasurer, which holds a first priority statutory lien for unpaid real estate taxes, and Pigott, Ltd., which holds a judgment lien against the real estate. Given the non-income producing nature of Debtor's own assets and the nature and status of the only sources for funding a plan, Debtor was unable to show the court that it would be reasonably likely to be able to fund its proposed plan of reorganization.

While Chapter 11 is not limited to debtors seeking to rehabilitate a business and may be used to effect an orderly liquidation, Debtor has given no indication that it is willing to propose and perform a plan of liquidation. Indeed Debtor's purpose has been to prevent a tax foreclosure sale of the real property, which would give the adjacent landowner an avenue to acquire the real property for a proverbial song and, in the process, also afford it a competitive leg up on the nearby convenience store operation proposed to serve both as Debtor's primary plan funding source and support for Debtor's principal, who also owns the convenience store business.

The court held an initial hearing on disclosure in October 2015. The court later permitted Debtor to file an amended plan and another disclosure statement. That time afforded the start-up convenience store

2

business that is the primary plan funding source more time to establish itself as a viable operation. As the court has now decided, however, Debtor's amended proposed plan still lacks sufficient indicia of feasibility to support confirmation. Debtor has now had a full and fair opportunity to show whether it can propose and perform a viable plan to repay its creditors that meets the standards of 11 U.S.C. § 1129 and come up still lacking. Thus, no further process of disclosure and plan amendment is justified at this point, leading the court to find that Debtor lacks a reasonable ability to propose a feasible reorganization or liquidation plan. The court concludes that cause exists under § 1112(b)(1).

Given the nature of Debtor's assets, the limited number of creditors in this case, and the agreements entered into by Debtor and Debtor's principal with the Bank and the Lucas County Treasurer[1] for payment of the debts owed to those two creditors, no identified purpose would be served by conversion of this case to Chapter 7 and appointment of a trustee. The fraudulent transfer claim that is property of the bankruptcy estate can be pursued equally under state law by any creditor with standing and the interest and wherewithal to do so. And a prospective trustee will have no more resources with which to fund pursuit of a nuisance claim against the adjacent landowner than Debtor, as there is no cash in the estate. [*See* Doc. ## 100-107]. The court further finds that dismissal, rather than conversion to Chapter 7, is in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the United States Trustee's Motion to Dismiss [Doc. # 39] be, and hereby is, **GRANTED and**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

### 

---

[1] Documentation filed post-hearing by the Lucas County, Ohio Prosecutor's Office on behalf of the Lucas County Treasurer's Office, [Doc. # 126], and of which the court takes judicial notice, Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it), shows that Debtor's installment payment agreement is now considered in default. Regardless, the Lucas County Treasurer has a first priority statutory lien in Debtor's real property and related remedies to protect its claim, and will not benefit from conversion to Chapter 7.